ALD-048                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2675
_____

UNITED STATES OF AMERICA

v.

PATRICIA FOUNTAIN,
                                                Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Criminal No. 2:12-cr-00155-001)
District Judge:  Honorable Joel H. Slomsky

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
December 28, 2023

Before:  HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, Circuit Judges

(Opinion filed: January 8, 2024)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Patricia Fountain appeals pro se from the District Court's denial of her motion for compassionate release. The Government has filed a motion for summary action. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2013, after a jury trial in the District Court for the Eastern District of Pennsylvania, Fountain was convicted of conspiracy to defraud the United States, filing false claims, and Hobbs Act extortion. Her conviction was based on her role in a tax fraud scheme, in which Fountain used her knowledge as an Internal Revenue Service employee to recruit individuals to file fraudulent tax returns to wrongfully claim refunds. Fountain then kept a portion of the refunds and extorted recruited individuals who refused to pay her a portion of their refunds. Fountain was sentenced to a term of 228 months' imprisonment.

In October 2022, Fountain filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), arguing that several reasons supported her early release, including her chronic medical conditions, the COVID-19 pandemic, and deaths in her family. After she amended her motion, in August 2023, the District Court denied relief. It concluded that she had not established any extraordinary and compelling reason for

release, and that the relevant sentencing factors weighed against her release. Fountain timely appealed, and the Government has moved for summary affirmance.[1]

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's decision for abuse of discretion. United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm a district court's decision if the appeal fails to present a substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We grant the Government's motion for summary action. The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," id. § 3553(a)(1), as well as the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant," id. § 3553(a)(2)(A)-(C).

---

[1] Fountain previously sought compassionate relief in 2020; the District Court denied her motion and we summarily affirmed the District Court's decision. See United States v. Fountain, No. 21-1313, 2021 WL 4772957 (3d Cir. Oct. 13, 2021).

Under the abuse of discretion standard, we will not disturb a district court's denial of compassionate release "unless there is a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Pawlowski, 967 F.3d at 330 (alteration in original) (citation omitted). We discern no abuse of discretion in the District Court's conclusion that the § 3553(a) factors weighed against granting Fountain compassionate release.[2]

Fountain has argued that the § 3553 factors weigh in her favor because she was a first-time white-collar offender. She has also maintained that the rate of recidivism for her offenses is low and that she will be a law-abiding citizen upon release. However, the District Court appropriately noted that Fountain committed serious crimes, in which she used her government employment and her knowledge of the tax system to defraud the United States of over $2.2 million. The District Court observed that her crimes warranted the sentence she received, and that early release would not reflect the seriousness of her crimes, promote respect for the law, support deterrence, or protect the public from any future crimes she may commit. The District Court explained that although Fountain made arguments about sentencing disparities with other defendants with similar records, she received a sentence within the range set by the Sentencing Guidelines, which were created to address sentencing disparities. Accordingly, it concluded that reducing

---

[2] Based on this conclusion, we need not decide whether Fountain demonstrated "extraordinary and compelling reasons" for her release. See 18 U.S.C. § 3582(c)(1)(A)(i).

4

Fountain's sentence would undermine the goal of reducing sentence disparities between similarly situated defendants.

Having carefully considered the record and Fountain's arguments, we do not have "a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. Because this appeal does not present a substantial question, we grant the Government's motion for summary action, and we will summarily affirm the District Court's judgment.[3]

---

[3] The Government's request to be excused from filing a brief is granted. Fountain's motions to supplement her brief are granted, but her requests to expand the record are denied. We do not consider any new issues raised for the first time on appeal. See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 88 n.12 (3d Cir. 2013).